**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| WILLIAM ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 0:17-cv-01053-MBS |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF YORK, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

      Plaintiff William Adkins ("Plaintiff") sued Defendant City of York ("Defendant") in the Court of Common Pleas for York County, South Carolina, alleging violations of the South Carolina Wage Payment Act ("SCWPA"), South Carolina Code Annotated §§ 41-10-10 *et seq.* ECF No. 1-1. Defendant removed to federal court based on federal question jurisdiction. ECF No. 1. Defendant argues that Plaintiff is claiming rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and accordingly there is federal jurisdiction. *Id.* at 1. Plaintiff moved to remand. ECF No. 10. Plaintiff asserts that there is neither federal question jurisdiction nor diversity jurisdiction. *Id.*

**I.     FACTUAL BACKGROUND**

      Plaintiff is a former employee of the City of York Fire Department. ECF No. 1-1 at ¶ 5. Plaintiff seeks unpaid overtime compensation payable pursuant to the SCWPA. *Id.* at ¶¶ 18-23. Plaintiff contends that during his employment, he worked a shift schedule of "24 on/48 off, which consisted of twenty-four hours on duty, followed by forty-eight hours off duty, irrespective of weekends or holidays." *Id.* at ¶ 10. Plaintiff's shift schedule equated to Plaintiff working either forty-eight or seventy-two hours per week. *See id.* at ¶ 11. Plaintiff alleges that in addition to his regular wages, he was to be "compensated for overtime at time-and-one-half for

1

all hours worked over forty (40) in a seven (7) calendar day work week." *Id.* at ¶ 9. Plaintiff argues that for each seventy-two hour work week, he is entitled to thirty-two hours of overtime, and for each forty-eight hour work week, he is entitled to eight hours of overtime. *Id.* at ¶ 12. Plaintiff alleges Defendant never compensated him for overtime. *Id.* at ¶ 14.

Plaintiff alleges Defendant violated South Carolina Code Annotated §§ 41-10-40 and 41-41-50 by failing to render payment for overtime worked. *Id.* at ¶ 20. Plaintiff alleges Defendant's failure to render payment for overtime worked is "willful, without justification, and in violation of the duty of good faith and fair dealing." *Id.* at ¶ 22.

## II.     ANALYSIS

Plaintiff argues that remand is proper as he is pursuing relief solely under the SWPCA. ECF No. 10-1 at 2. Defendant argues that Plaintiff's SCWPA claim asserts rights that are preempted by the FLSA; therefore, Plaintiff is asserting a federal question and jurisdiction is proper. ECF No. 12. Removal from state court is governed by 28 U.S.C. § 1441. Under § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." A federal court may have original jurisdiction through federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. "A defendant or defendants desiring to remove any civil action . . . shall file in the district court . . . a pending notice or removal" within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446. Once an action has been removed, a plaintiff may file a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447.

The removing party has the burden of establishing federal jurisdiction, and the court should construe any uncertainty of federal jurisdiction in favor of remand. *Mulcahey v. Columbia*

*Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). First, the court must apply the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* A defense based on federal law is not sufficient to establish federal question jurisdiction. *E.g.*, *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). However, under the artful pleading doctrine, the court determines whether a plaintiff has tried to avoid removal jurisdiction by "artfully" framing federal law claims as state law claims. *Kennedy v. Orangeburg Cty. Sheriff's Off.*, No. 08-0873, 2008 WL 4833022, at *1 (D.S.C. Oct. 31, 2008). While a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law," a plaintiff "may not defeat removal by artfully pleading to omit necessary federal questions." *Id.*; *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). If "federal law completely preempts a plaintiff's state-law claim," then there is a necessary federal question. *Rivet*, 522 U.S. at 475 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). In *Rivet*, the Supreme Court explained that "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law claim is considered, from its inception, a federal claim, and therefore arises under federal law." 522 U.S. at 476 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

There are three ways a federal law may preempt state law: "express preemption," "field preemption," or "conflict preemption." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007). Under "conflict preemption," the court determines (1) whether it is "impossible to comply with both state and federal law," or (2) "whether the state law stands as an obstacle to the accomplishment of the full purposes and objectives of federal law." *Id.* at 191-92 (citing *Worm v.*

3

*Am. Cyanamid Co.*, 970 F.2d 1301, 1305 (4th Cir. 1992)) (internal quotations omitted). In *Anderson*, the Fourth Circuit Court of Appeals found that the FLSA is an "unusually elaborate enforcement scheme" and "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Id.* at 192, 194. Two specific FLSA mandates are: (1) "that covered workers be paid a minimum wage, *see* [29 U.S.C.] § 206," and (2) "that they receive overtime compensation, *see* [29 U.S.C. § 207]." *Id.* at 192; *see also McMurray v. LRJ Rest. Inc.*, No. 10-1435, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011). Accordingly, the FLSA preempts any state law claim for minimum wage or overtime pay as any state claim "stands as an obstacle to the accomplishment of the full purposes and objectives of the FLSA." *Anderson*, 508 F.3d at 193. However, a plaintiff may have a claim independent of the FLSA if the state law provides "workers with more beneficial minimum wages and maximum workweeks than those mandated by FLSA." *Id.*

Here, Plaintiff is seeking overtime wages, a right established by an FLSA mandate. *See* 29 U.S.C. § 207. Plaintiff does not assert that the SCWPA provides more beneficial overtime benefits, nor does Plaintiff assert that the SCWPA even provides for overtime benefits. The court concludes Plaintiff's claim is preempted by the FLSA and removal is proper under federal question jurisdiction.

4

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

July 28, 2017
Columbia, South Carolina

5