**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| William Adkins, | ) | |
| | ) | Civil Action No.: 0:17-cv-01053-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of York, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| James Jordan Austin, | ) | |
| | ) | Civil Action No.: 0:17-cv-01054-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of York, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| Derrick Barrentine, | ) | |
| | ) | Civil Action No.: 0:17-cv-01055-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of York, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| Christopher Rose, | ) | |
| | ) | Civil Action No.: 0:17-cv-01056-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of York, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiffs William Adkins, James Jordan Austin, Derrick Barrentine, and Christopher Rose (collectively, "Plaintiffs")[1] Motion to Reconsider regarding the court's Order and Opinion, ECF No. 16, filed on July 28, 2017. ECF No. 19. For the reasons stated below, Plaintiffs' motion is **granted.**

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs are former employees of the City of York Fire Department. ECF No. 1-1 at ¶ 5. According to Plaintiffs', the City of York Personnel Policy Manual[2] states that in addition to their regular wages, Plaintiffs' were to be "compensated for overtime at time-and-one-half for all hours worked over forty (40) in a seven (7) calendar day work week." *Id.* at ¶ 9. Plaintiffs contend that during their respective employments, they would work a "24 on/48 off shift schedule," which consisted of twenty-four (24) consecutive hours on duty, followed by forty-eight (48) consecutive hours off duty, irrespective of weekends or holidays." *Id.* at ¶ 10. Plaintiffs' shift schedules equated to Plaintiffs working either forty-eight (48) hours or seventy-two (72) hours per week. *See id.* at ¶ 11. Thus, Plaintiffs assert that for each seventy-two (72) hour work week, they are entitled to thirty-two (32) hours of overtime, and for each forty-eight (48) hour work week, they are entitled to eight (8) hours of overtime.[3] *Id.* at ¶ 12. Plaintiffs allege Defendant never compensated them for overtime. *Id.* at ¶ 14.

---

[1] Plaintiffs agreed to consolidate the case for sole purposes of discovery on August 22, 2017. ECF No. 29. The court consolidated the cases on August 23, 2017. ECF No. 30. *Adkins v. City of York*, 0:17-1053, has been designated the lead case.
[2] Plaintiff attached an excerpt from Defendant's personnel policy to its Motion to Reconsider. ECF No. 19-2.
[3] The court notes that under 29 U.S.C. § 207(k) there is an exemption for employees engaged in fire protection, however, this exemption does not influence the court's decision on this remand issue.

2

Plaintiffs sued Defendant City of York ("Defendant") in the Court of Common Pleas for York County, South Carolina, alleging violations of the South Carolina Wage Payment Act ("SCWPA" or the "Act"), S.C. Code Ann. §§ 41-10-10 *et seq. Id.* at ¶¶ 19–23. Plaintiffs allege Defendant violated the Act by failing to pay all wages due as required by the Act—specifically failing to pay Plaintiffs the overtime due. *Id.* at ¶ 20–21. Plaintiffs allege Defendant's failure to render payment for overtime worked is "willful, without justification, and in violation of the duty of good faith and fair dealing." *Id.* at ¶ 22.

Defendant timely filed its Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1343, and 1441(a), arguing that Plaintiffs are claiming rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* ECF No. 1. On May 5, 2017, Plaintiffs filed a Motion to Remand, stating that there is no basis for removal under 28 U.S.C. § 1331 because there is no federal question on the face of the Complaint, no substantial federal element present in the case, and the resolution of Plaintiffs' claims do not necessarily involve a federal issue. ECF No. 10 at 1. Defendant responded on May 11, 2017, ECF No. 12, further arguing that because Plaintiffs are claiming "entitlement to 'overtime,' which is not provided for by state law and which requires construction and application of the [FLSA], their claims present substantial questions of federal law." ECF No. 12 at 1.

On July 28, 2017, this court issued its Order and Opinion denying Plaintiffs' Motion to Remand, finding that the FLSA preempted the SCWPA for claims based on overtime. ECF No. 16. On August 5, 2017, Plaintiffs moved for reconsideration, or in the alternative, to certify the issue for potential interlocutory appeal to the Fourth Circuit Court of Appeals and stay the proceedings. ECF No. 19. After a telephone conference held on August 31, 2017, the court granted Defendant's Consent Motion for Leave to File a Response to Plaintiffs' Motion for

Reconsideration. ECF No. 34. Defendant filed its Response in Opposition to Plaintiffs' Motion for Reconsideration on September 1, 2017, ECF No. 35, to which Plaintiffs replied on September 8, 2017. ECF No. 36.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiffs seek reconsideration due to their perception that the court misapplied *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007). Rule 54(b) provides that any order or decision that does not end the action as to all of the claims or parties "may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Such a distinction arises "because a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Id.* at 514–15.

The FLSA provides the exclusive remedial scheme to address employees' rights to be paid minimum wage and overtime. *See* 29 U.S.C. §§ 206(a), 207(a); *Anderson,* 508 F.3d at 194 ("Congress prescribed exclusive remedies in the FLSA for violation of its mandates."). However, the FLSA provides a floor for minimum wage and overtime, not a ceiling. *See* 29 U.S.C. §218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter."); *Pac. Merch. Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1425 (9th Cir. 1990) ("[T]he purpose behind the FLSA is to establish a national *floor* under which

wage protections cannot drop, not to establish absolute uniformity in minimum wage and overtime standards nationwide at levels established in the FLSA."); *Xue v. J&b Spartanburg LLC*, No. CV 7:16-00340-MGL, 2016 WL 3017223, at *2 (D.S.C. May 26, 2016); *Spallone v. SOHO Univ.*, No. 15-1622, 2015 WL 5098154, at *3 (D.S.C. Aug. 31, 2015).

In *Anderson,* the Fourth Circuit held that the plaintiffs' state law claims were preempted by the FLSA because plaintiffs' state claims all depended on establishing that the defendant violated the FLSA. *Anderson,* 508 F.3d at 193.[4] "Importantly, the Fourth Circuit did not conclude that the FLSA *generally* preempts" state substantive law. *See Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 818 (E.D.N.C. 2008). The court further noted that the Class members did not claim that any North Carolina law entitled them to unpaid wages; they instead relied on the "FLSA for their right, and they invoked state law only as the source of the remedies for the alleged FLSA violation." *Anderson,* 508 F.3d at 193.

Plaintiffs contend they expressly stated in their Complaint that SCPWA entitles them to unpaid wages due under Defendant's employment policy,[5] and thus, that their case is distinguishable from *Anderson.* ECF No. 19-1 at 4-6. The court agrees. Plaintiffs' SCPWA claim is separate and distinct from a claim for overtime under FLSA because Plaintiffs' claim arises from Defendant's failure to "pay *all amounts* at which labor rendered is recompensed . . . which *are due to an employee under any employer policy or employment contract*." S.C. Code Ann. § 41-10-10

---

[4] For example, as part of their negligence claim, plaintiffs alleged defendant failed to pay Class Members wages due under FLSA; as part of their contract claim plaintiffs alleged defendant breached its promise to pay FLSA-mandated wages; and as part of their fraud claim, plaintiffs alleged that defendant "willfully failed and refused to pay . . . class Members for compensable time" under the FLSA.

[5] The employment policy states "all non-exempt employees, except police officers, are compensated for overtime at time-and-one-half for all hours worked over forty (40) in a seven (7) calendar day work week." ECF No. 19-2 at 2.

(emphasis added); *see e.g. Martinez-Hernandez*, 578 F. Supp. 2d at 820; *Xue*, 2016 WL 3017223, at *2 ("Plaintiffs' SCPWA claims are separate and distinct from their FLSA claim because they are seeking unpaid overtime wage payments that are based upon an agreed-upon hourly rate, pursuant to their fixed monthly salary, which is higher than the federal minimum wage rate."); *Spallone*, 2015 WL 5098154, at *5 ("The South Carolina Wage Payment statute is broader than the FLSA in that it is not limited to controversies involving minimum wage and overtime but applies to all wages due."); *McMurray v. LRJ Rests, Inc.*, No. 4:10-CV-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) ("Plaintiff is also seeking redress for Defendants' alleged failure to honor agreements to . . . pay wages when due. These claims are separate and distinct from Plaintiff's FLSA claims. Accordingly, they are not preempted by the FLSA.").

Based on the Plaintiffs' clarification that they are solely seeking relief under the SCPWA for wages due pursuant to Defendant's employment policy, the court finds that Plaintiffs' claims are not preempted by the FLSA. It is the court's understanding that Plaintiffs will be seeking relief solely under the SWCPA. If Plaintiffs' later bring a FLSA claim, the FLSA will preempt any duplicative state law claim. *See Anderson*, 508 F.3d at 194; *Meller v. Wings Over Spartanburg, LLC*, No. 15-2094, 2016 WL 1089382, at *3 (D.S.C. Mar. 21, 2016) (explaining that plaintiffs' SCPWA claim was not duplicative because plaintiffs deliberately shaped their SCPWA claim to not seek any wages they could recover under the FLSA).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **GRANTED.** This case is remanded to the Court of Common Pleas of York County, South Carolina for lack of subject

matter jurisdiction.[6]  Plaintiffs' alternative motions to certify the issue of removability for potential interlocutory appeal to the Fourth Circuit and to stay the proceedings are rendered **MOOT.**

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour<br>Honorable Margaret B. Seymour<br>Senior United States District Judge

February 21, 2018
Columbia, South Carolina

---

[6] On February 7, 2018, the parties filed a Joint Motion to Approve Settlement and Dismiss Action.  ECF No. 38.  The motion is rendered **moot**.